**FILED**
**FEBRUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

182-7833                                          TAC:MTC
#91438

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORTH AMERICAN ELITE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No.  **08 C 986** |
| BOARD OF EDUCATION CITY OF CHICAGO, | ) ) )  **JUDGE SHADUR**  **MAGISTRATE JUDGE ASHMAN** |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, NORTH AMERICAN ELITE INSURANCE COMPANY, by its attorneys, Bullaro & Carton, P.C., for its Complaint for Declaratory Judgment against the Defendant, BOARD OF EDUCATION CITY OF CHICAGO, states as follows:

### Nature of the Complaint for Declaratory Judgment

1.     This Declaratory Judgment complaint is brought pursuant to 28 U.S.C. 2201, et seq., and arises out of actual and existing controversies between North American Elite Insurance Company and the Defendant concerning North American Elite Insurance Company's rights and obligations under a Commercial Property Coverage insurance policy issued to the Board of Education City of Chicago.

### The Parties

2.     The Plaintiff, North American Elite Insurance Company ("North American") is an insurance company incorporated under the laws of the state of New Hampshire and having its principal place of business in New Hampshire.

-1-

3. The Defendant, Board of Education City of Chicago, ("Board"), is a municipal corporation incorporated under the laws of Illinois having its principal place of business in Illinois and residing within this District.

## Jurisdiction and Venue

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant have diversity of citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because the Defendant Board resides within this District, a substantial part of the events or omissions giving rise to this Declaratory Judgment complaint occurred within this District, and the alleged damaged real and personal property was and is located within this District.

## Allegations Common To All Counts

6. North American previously issued a Commercial Property Coverage insurance policy, under policy number L2F0000022-00, to the named insured, "Board of Education City of Chicago," for the policy period commencing on July 1, 2000 through July 1, 2001 (hereinafter, "the Policy"). In the Commercial Property Coverage Part Declarations, the "Business Description" is identified as "Board of Education". The Policy includes a $500,000.00 deductible for property damage liability, with two exceptions: a $25,000.00 deductible per occurrence for Electronic Processing; and a $2,500 deductible per occurrence for Fine Arts. A true and accurate copy of the Policy is attached as Exhibit 1.

7. The description of premises on the Commercial Property Coverage Part Declarations states "Per schedule on file with Company". One of the Chicago Public Schools properties listed on the schedule is Corliss High School, 821 E. 103rd Street, Chicago, Illinois. A true and accurate copy of an excerpt of the schedule is attached as Exhibit 2.

8. The underlying claim arises from an incident occurring on December 20, 2000, wherein a pipe allegedly froze and burst in the second floor ceiling of Corliss High School, 821 E. 103rd Street, Chicago, Illinois, resulting in property damage. The loss was first reported to North American in February, 2001. Damages claimed included $377,881.72 for the building and "$390,000.00+" for contents and "Electronics Equipment in Television/Recording Studio."

9. After North American confirmed receipt of the report on March 1, 2001, communications regarding the loss continued between the parties throughout the period between 2001 and 2002. Throughout this period, North American repeatedly requested that the Board submit the supporting documentation and other information necessary to evaluate the claimed loss. However, during this time the Board failed to provide adequate documentation and other evidence necessary to support all the previously claimed amounts, and claimed additional losses without supporting documentation.

10. North American repeatedly informed the Board that the documentation submitted was incomplete and insufficient to support the claimed amounts, and requested that adequate supporting documentation be provided as required by the

terms of the Policy. North American also reminded the Board that it would not indemnify the Board for items that were duplicative, incorrect or overestimated, unrelated to the occurrence, or not supported with sufficient documentation.

11. In addition to these communications, North American's claim supervisor met on April 4, 2002, with a representative of the Board to discuss the claim. The same day, North American sent the representative a letter which included worksheets regarding the claim that included an audit of all the details submitted to that point, and which again requested that documentation be submitted in support of several items claimed. Subsequently, in June 2002, North American asked the Board's representative to complete the presentation regarding the claim, but received no response from the Board.

12. Communications between the parties continued between July 2002 and September 2002, including several unsuccessful attempts by North American to contact the Board's representative by telephone and voicemail messages during August and September, for which no response was received. After North American successfully contacted the representative on October 30, 2002, a meeting was held at the representative's office on November 25, 2002 in an attempt to move towards a resolution of the claim. At the meeting, the Board presented a new claim for damages at approximately $1.7 million, and although it presented some additional supporting documentation, the documentation remained incomplete and insufficient to support all damages claimed.

13. Additional communications continued between the parties throughout the period between November 2002 and September 2003. However, the Board continued in its failure to provide documentation sufficient to demonstrate the value of its loss. Despite the Board's lack of cooperation in this regard, North American sent a letter on September 5, 2003 to the Board's representative in an attempt to resolve the claim and pay the Board the amount North American believed was owed based on the limited documentation presented by the Board, as well as its own investigation. The letter included a worksheet demonstrating the specific allowances made based on the supporting documentation provided by the Board and North American's own investigation. The letter also offered to indemnify the Board for the undisputed portion of the claim, $522,632.63, and included a payment receipt which was to be signed by the insured and returned to North American, after which North American, upon receipt, would arrange for a settlement draft to be issued to the Board. However, the Board has presently never returned the receipt, nor has it given any response to North American's attempt to resolve the claim.

14. For the reasons more fully identified in the Counts below, North American denies that it has the duty to indemnify the Board for any claimed damages at this point in time, or alternatively, denies that it has any duty to indemnify the Board for any claimed damages in excess of $522,632.63 under the terms of the Policy.

## Count One

15. North American reasserts and realleges Paragraphs 1 through 14 as and for Paragraph 15, as though fully set forth herein.

16. In relevant part, the Policy contained the following provisions:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

E. **LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

3. **Duties in the Event of Loss or Damage**

   a. You must see that the following are done in the event of loss or damage to Covered Property:

   (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

   (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

   (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

   (7) Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

   (8) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

   (9) Cooperate with us in the investigation or settlement of the claim.

17. The Policy also contained the following conditions, in relevant part:

**COMMERCIAL PROPERTY CONDITIONS**

D. **LEGAL ACTION AGAINST US**

> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

18. In relevant part, the Policy also contained the following endorsement:

**ILLINOIS CHANGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY COVERAGE PART

> B.  The following is added to the **Legal action Against Us** Condition:
>
> The 2 year period for legal action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part.

19. Because the Board has failed to fully comply with all terms and conditions of the Policy, and the period for legal action against North American under the Policy has expired, the Board may not pursue any legal action against North American with respect to the underlying claim under the terms of the Policy, and North American has no duty under the Policy to indemnify the Board for any amounts claimed whatsoever, or alternatively, has no duty under the Policy to indemnify the Board for any amounts claimed in excess of $522,632.63, the previously undisputed portion of the underlying claim.

WHEREFORE, the Plaintiff, North American Elite Insurance Company, prays that this Honorable Court determine and declare the following:

      A.    That the Defendant, Board of Education City of Chicago, has failed to comply with the terms and conditions of the Policy;

      B.    That the limitations period provided by the terms of the Policy for legal action against North American Elite Insurance Company with respect to the underlying claim has expired;

      C.    That the Board of Education City of Chicago may not pursue any legal action against North American Elite Insurance Company arising out of the underlying claim;

      D.    That North American Elite Insurance Company has no duty to indemnify the Board of Education City of Chicago for any amounts claimed whatsoever, or alternatively, has no duty under the Policy to indemnify the Board for any amounts claimed in excess of $522,632.63;

      E.    Such other and further relief be granted as this Honorable Court deems just and proper.

### Count Two

20.    North American reasserts and realleges Paragraphs 1 through 19 as and for Paragraph 20, as though fully set forth herein.

21.    In relevant part, the Policy contained the following provisions:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**E.**    **LOSS CONDITIONS**

    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    3.    **Duties in the Event of Loss or Damage**

      a.      You must see that the following are done in the event of loss or damage to Covered Property:

           (2)      Give us prompt notice of the loss or damage. Include a description of the property involved.

           (5)      At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

           (6)      As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

           (7)      Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

           (8)      Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

           (9)      Cooperate with us in the investigation or settlement of the claim.

22.      Pleading in the alternative, because the Board has breached its duties under **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, Section E.3.a.,** of the Policy by failing to provide documentation in support of the disputed portion of its claimed loss, as requested by North American, and otherwise failing to cooperate in the investigation and settlement of the claim, North American has no duty under the Policy to indemnify the Board for any amount in excess of $522,632.63, the undisputed portion of the underlying claim.

WHEREFORE, the Plaintiff, North American Elite Insurance Company, prays that this Honorable Court determine and declare the following:

A.   That the Defendant, Board of Education City of Chicago, has breached its duties under Section E.3.a. of the Policy's Building and Personal Property Coverage Form;

B.   That North American Elite Insurance Company has no duty to indemnify the Board of Education City of Chicago for any amount in excess of $522,632.63;

C.   Such other and further relief be granted as this Honorable Court deems just and proper.

Respectfully submitted,

**BULLARO & CARTON, P.C.**

By: /s/ Thomas A. Carton
     Thomas A. Carton

Thomas A. Carton
**BULLARO & CARTON, P.C.**
200 North LaSalle Street, Suite #2500
Chicago, Illinois 60601
Phone: (312) 831-1000
Fax: (312) 831-0647
ARDC# 3122259